# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| GERRI BARWICK, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BERMAN & RABIN, P.A., <br><br> Defendant. | Case No.: 21-cv-659 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed their collection efforts into the District.

## PARTIES

3. Plaintiff Gerri Barwick is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff debts incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301, in that the debt Defendant sought to collect from Plaintiff arose from a consumer transaction

6. Defendant Berman & Rabin, P.C. ("Berman & Rabin") is a foreign professional corporation with its principal offices located at 15280 Metcalf Avenue, Overland Park, Kansas 66223.

7. Berman & Rabin does substantial business in Wisconsin.

8. Berman & Rabin is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Berman & Rabin is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. Berman & Rabin is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103.

## FACTS

11. On or about June 15, 2020, Defendant caused a debt collection letter to be sent to Plaintiff regarding an alleged debt owed to "Easy Cash ASAP, LLC." A copy of this letter is attached to this Complaint as Exhibit A.

12. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for a short-term installment loan, used only for personal, family, or household purposes.

13. Upon information and belief, Exhibit A is a form letter, with the information specific to Plaintiff inserted by Defendant's mail vendor.

14. Upon information and belief, Exhibit A was the first written communication Plaintiff received regarding the alleged debt referenced in Exhibit A.

15. Exhibit A includes the following representations, which largely reflect the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

2

> Unless you dispute this debt, or any portion of it, within 30 days after you receive this notice, we will assume that it is valid. If you notify us in writing within the 30 day period that you dispute this debt or any portion of it, we will obtain verification of the debt or a copy of any judgment and mail it to you at no cost. If the above creditor is not your original creditor and you submit a written request within the 30 day period for the name and address of the original creditor, we will supply such information to you.

16. <u>Exhibit A</u> disclosed the balance of Plaintiff's alleged debt.

17. <u>Exhibit A</u> also disclosed the creditor to whom Plaintiff's alleged debt was owed.

18. Additionally, <u>Exhibit A</u> disclosed Plaintiff's home address.

19. <u>Exhibit A</u> identified Defendant as a debt collector and stated:

> This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

20. Upon information and belief, Defendant did not print <u>Exhibit A</u> "in house;" rather, Defendant, in connection with the collection of Plaintiff's alleged debt, provided private information regarding Plaintiff and such debt, including Plaintiff's name, address, the amount of the debt, and other private details regarding the debt, to a third-party mail vendor.

21. The third-party mail vendor then prepared, printed, and mailed <u>Exhibit A</u>.

22. The return address on <u>Exhibit A</u> does not match Defendant's address.

23. Specifically, the return address includes a P.O. Box in Oaks, Pennsylvania that appears to be associated with RevSpring, Inc. ("RevSpring"), a third-party mail vendor.

24. RevSpring maintains corporate offices in Oaks, Pennsylvania and offers comprehensive print and mail services. *See* https://revspringinc.com/about/ (last visited May 24, 2021). RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options." *Id.*

25. By disclosing Plaintiff's alleged debt to a third party—namely, RevSpring—Defendant violated the FDCPA and WCA.

3

26. Specifically, 15 U.S.C. § 1692c(b) of the FDCPA, titled "Communication with third parties," provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

27. 15 U.S.C. § 1692c(b) cross-references section § 1692b, which in turn governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information."

28. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt."

29. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

30. By communicating information regarding Plaintiff's alleged debt, including by disclosing, among other things, the existence of such debt, the amount owed, the creditor, and Plaintiff's name and address, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, __ F.3d __, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

31. In *Hunstein*, the 11th Circuit expressly held that debt collectors violate the FDCPA by disclosing consumer data to letter vendors. *Id.* at *15-24.

32. Upon information and belief, Defendant routinely communicates with, and provides protected information regarding consumer debts to, third-party mail vendors, in connection with the collection of a debt, that are not authorized to receive such information.

33. In order for the mail vendor to produce and mail Exhibit A to Plaintiff, and to produce and mail letters in the form of Exhibit A to the class, Defendant disclosed information about the consumers' identities and their debts to the mail vendor.

34. None of the enumerated exceptions in 15 U.S.C. §§ 1692b or 1692c(b) apply to third-party mail vendors.

35. Moreover, Plaintiff did not give Defendant consent to disclose her financial or personal information to a mail vendor. *See* 15 U.S.C. § 1692c(b).

36. Additionally, no court has granted Defendant consent to disclose Plaintiff's financial information to a mail vendor, and the disclosure was not reasonably necessary to effectuate a post-judgment remedy. *See* 15 U.S.C. § 1692c(b).

### *The FDCPA*

37. Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

39. As described above, 15 U.S.C. §§ 1692b and 1692c regulate and restrict debt collectors' communications with third parties and practices that tend to disclose the existence of

a debt or debt collection activities to third parties or the public. *See, e.g.*, 15 U.S.C. §§ 1692b(5) (prohibiting extraneous language on envelopes); 1692c(b) (prohibiting communications with most third parties); *see also* 15 U.S.C. § 1692f(8); *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 782-84 (7th Cir. 2020).

40. 15 U.S.C. § 1692f generally prohibits "any unfair or unconscionable means to collect or attempt to collect any debt."

### *The WCA*

41. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

42. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

43. To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all consumers who suffer similar injuries. Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under this section that there

exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

44. The private cause of action is essential to deterring violations and furthering the WCA's underlying objectives:

45. The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act. The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers. Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

46. Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

47. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

48. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and

followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

49. Wis. Stat. § 421.108 provides: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith" means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

50. Wis. Stat. § 427.104(1)(e) prohibits debt collectors from: "Disclos[ing] or threaten[ing] to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information, but this paragraph does not prohibit the disclosure to another person of information permitted to be disclosed to that person by statute."

51. Wis. Stat. § 427.104(1)(h) prohibits debt collectors from: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

## **COUNT I – FDCPA**

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. Defendant communicated information regarding Plaintiff's alleged debt to a third-party without prior authorization from Plaintiff.

54. Defendant thereby violated 15 U.S.C. § 1692c(b) and § 1692f.

8

Case 2:21-cv-00659-NJ   Filed 05/26/21   Page 8 of 10   Document 1

## COUNT II - WCA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Defendant communicated information regarding Plaintiff's alleged debt to a third-party without prior authorization from Plaintiff.

57. The Wisconsin Department of Financial Institutions, the administrative agency tasked with the regulation of collection agencies, has found that violating the FDCPA "can reasonably be expected to threaten or harass." Wis. Admin. Code § 74.16(9).

58. Defendant violated Wis. Stat. §§ 427.104(1)(e), 427.104(1)(g), 427.104(1)(h), and 427.104(1)(m).

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a class consisting of: (a) all persons with a Wisconsin address, (b) to whom Berman & Rabin caused to be sent a debt collection letter, (c) from May 26, 2020 through the date of class certification, (d) that was prepared or mailed by a third-party vendor.

60. The class is so numerous that joinder is impracticable.

61. Upon information and belief, there are more than 50 members of the class.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

63. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

64. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

65. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

66. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief;

(d) declaratory relief;

(e) attorneys' fees, litigation expenses and costs of suit; and

(f) such other or further relief as the Court deems proper.

Dated: May 26, 2021

**ADEMI LLP**
By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com